ORIGINAL
D & F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AARON PINO,

        Petitioner,

    -against-                         **MEMORANDUM AND ORDER**
                                      Case No. 03-CV-02945 (FB)(LB)
LAWRENCE SEARS,[1] Superintendent,

        Respondent.
-----------------------------------------------------------x

*Appearances:*
*For the Petitioner:*
AARON PINO, *Pro Se*
103-07 Farmers Blvd.
Hollis, NY 11423

*For the Respondent:*
RICHARD BROWN, ESQ.
District Attorney
By: JOHN M. CASTELLANO
125-01 Queens Boulevard
Kew Gardens, NY 11415

**BLOCK, Senior District Judge:**

    *Pro se* petitioner Aaron Pino ("Pino") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his 1999 convictions in New York Supreme Court, Queens County, for two counts of second degree robbery, on the grounds that: (1) there was insufficient evidence to support the verdict; (2) he was deprived the effective assistance of counsel; and (3) he is innocent. For the reasons stated below, the petition is denied.

                                        I.

    Pino's legal sufficiency and effective assistance claims were fully exhausted and are thus properly before the Court for *habeas* review; the actual innocence claim,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d)(1), Lawrence Sears is substituted for his predecessor, Roy Gurdich, as Superintendent of Franklin Correctional Facility.

however, is both unexhausted and procedurally barred. Because the Court finds that all claims are without merit, the exhaustion/procedural bar issue need not be addressed. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Since the Appellate Division addressed the first two claims on the merits, *habeas* relief may not be granted on these claims unless the state court decision (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d); *see also Sellan v. Kuhlman*, 261 F.3d 303, 310-11 (2d Cir. 2001); the actual innocent claim is reviewed *de novo*. *See DeBerry v. Portuondo*, 403 F.3d 57, 68 (2d Cir. 2005) ("[W]e will review de novo if there was no adjudication on the merits.").

## II.

### A. Insufficiency of the Evidence Claim

Pino was convicted of two counts of second degree robbery pursuant to N.Y. Penal Law § 160.10(1) and (3) on an accomplice liability theory.[2] In affirming the judgment of conviction, the Appellate Division determined that "[v]iewing the evidence in a light

---

[2]A person is guilty of robbery in the second degree as an accomplice if he shares the intent to forcibly steal property, *see id.*§ 20.00, and (1) is actually present at the robbery when rendering aid, *see* § 160.10(1); or (2) the stolen property is a motor vehicle, *see* § 160.10(3).

most favorable to the prosecution, it was legally sufficient to establish his guilt beyond a reasonable doubt [, and] upon exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence." *People v. Pino*, 734 N.Y.S.2d 903 (2 Dep't 2001) (citations omitted).

In *Jackson v. Virginia*, the Supreme Court held that in reviewing sufficiency of the evidence claims, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. 307, 318-319 (1979).

The Appellate Division's determination was not contrary to, and did not involve an unreasonable application of *Jackson v. Virginia*, specifically in light of the testimony of complaining witness Amjad Alqam ("Alqam"), who stated that: three men in a Toyota Camry cut off his Lincoln Town Car at a Queens intersection, after which Pino exited the Camry and placed a bottle on the hood of his Town Car; when Alqam attempted to remove it, Pino and fellow passenger Randolph Somra ("Somra") approached him; although Alqam struck Pino with a car jack, Pino was able to contain him as Somra stole the Town Car. *See* Tr. at 356-371.[3] Alqam's testimony was corroborated by physical evidence and police testimony.

## B. Effective Assistance of Counsel Claim

Pino claims that he was denied effective assistance of counsel because his

---

[3]"Tr." refers to the trial transcript.

lawyer failed to secure Somra as a defense witness. To establish ineffective assistance of counsel, petitioner must show both (1) lawyer performance "below an objective standard of reasonableness," and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-688, 690 (1984). Pino has not met this test.

The Appellate Division found Pino's ineffective assistance of counsel claim "without merit" without providing reasons. *Pino*, 734 N.Y.S.2d 903. "[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent." *See Sellan*, 261 F.3d at 310-12 (deeming summary denial to be "adjudication on the merits") (citations omitted).

The record reflects that Pino's attorney attempted to secure Somra's testimony at trial and reasonably believed that Somra would testify due to his efforts. Specifically, following a hearing on the issue, the trial court found that:

> The defendant's counsel announced readiness for trial after ascertaining that [both Vasquez and Somra] would be available. Following the commencement of the trial, . . . he was told by [Somra's] "common-law brother-in-law," Ray Vasquez, that Somara had gone to Guyana, and, that there was no telephone number or other information available through which the attorney could reach him.

*People v. Pino*, Ind. No. 1578/98. The Court discerns no reason to question these findings. *See Id.* § 2254(e)(1).

-4-

Moreover, even if the Court were to conclude, which it does not, that trial counsel's failure to secure Somra as a witness was unreasonable, Pino cannot establish that "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Pino was acquitted of first-degree robbery and weapons possession. As to the second-degree robbery convictions, the Court agrees with the trial court that "Somra's testimony was substantially the same as that imparted by Vasquez" – the third Camry occupant and defense witness at trial.[4] Thus, "[i]t is conjecture and speculation to assume [that] the jury[,] having rejected the testimony of Vasquez[,] would have credited Somra." *People v. Pino, Ind. No. 1578/98.*

## C. Actual Innocence Claim

Pino's actual innocence claim – which is based on alleged newly discovered evidence that Alqam made prior false allegations against two other people – is also meritless. Generally, freestanding claims of actual innocence are not cognizable on federal *habeas* review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Moreover, Pino's alleged new evidence, even if substantiated, which it is not, would at best call into question Alqam's veracity; it would not establish Pino's innocence.

---

[4]Somra testified to his version of events at the June 1, 2000 hearing on the issue.

## III.

Accordingly, the petition is denied. A certificate of appealability will not issue because Pino has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
December 20, 2006